UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LATOYA EARLES, Personal Representative of the Estate of Kare Randall,  )<br>)<br>)<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>SAGADAHOC COUNTY, *et al.*, )<br>)<br>Defendants )  | No. 2:24-cv-00308-LEW |

## ORDER ON MOTION TO DISMISS AND MOTION TO STAY

On August 29, 2024, Plaintiff Latoya Earles filed this civil action to obtain relief based on the death of her son, Kare Randall, while he was in Defendants' care and custody. Earles claims that Defendants violated Randall's constitutional rights. She also asserts a wrongful death claim under state law. The wrongful death claim (Count III) is in part a claim of medical malpractice, at least insofar as the claim runs against Defendant Alternative Correctional Healthcare LLC.

Alternative Correctional Healthcare has filed a Motion to Dismiss (ECF No. 12) in which it seeks the dismissal of Count III due to Earles' failure to comply with the Maine Health Security Act, 24 M.R.S. § 2851–2859. The MHSA requires that medical malpractice claims be reviewed by a medical malpractice screening panel before a lawsuit is filed. In opposition to the requested dismissal of Count III, Earles reports that she instituted a notice of claim on January 7, 2025, in compliance with the screening process,

and has thereby preserved the malpractice claim.  *See* Pl.'s Replies (ECF Nos. 28, 29).  Relatedly, Earles requests that the Court stay all proceedings in this case until the screening process runs its course.  Motion to Stay (ECF No. 20).  Defendants oppose a stay and prefer that I simply dismiss the malpractice piece of Count III and proceed with the rest of the case.

Despite Earles' recent action to institute the screening process for the malpractice claim, I could dismiss the claim without prejudice.[1]  However, in the interest of judicial economy it is most appropriate that the claim should be pursued in this court alongside the other claims, if that result can be accommodated without unreasonable delay.[2]  Given the ability to simply stay proceedings on the medical malpractice claim until the panel process runs its course, dismissal is unnecessary and unwarranted at this time.

As for Earles' request for a stay, imposing a stay on the entire action does not strike me as proper, either.  Most of the defendants are not impacted by the malpractice claim and have an interest in avoiding an indefinite stay.  Furthermore, although it was asserted in a similar case that a § 1983 claim should be stayed pending the malpractice screening process to avoid "duplicative, simultaneous discovery proceedings," *Poole v. Hancock Cnty.*, No. 1:22-cv-364, 2023 WL 5627312, at *2 (D. Me. Aug. 31, 2023), I do not see how

---

[1] *Brand v. Seider*, 697 A.2d 846, 848 (Me. 1997) ("[D]ismissal is not required by the statute.").

[2] There is a suggestion in at least one decision from this Court that dismissal without prejudice would necessitate that the malpractice claim be filed in state court.  *See Poole v. Hancock Cnty.*, No. 1:22-cv-364, 2023 WL 5627312, at *2 (D. Me. Aug. 31, 2023).  I am not convinced that that is necessarily accurate.  Even if dismissed, the claim might return here through an amendment of the complaint, so long as it is permitted by the scheduling order.

proceeding with discovery concerning the § 1983 claims in Counts I and II would impose an undue burden on the litigants, let alone hardship or inequity.[3] For this reason, I will stay proceedings only in regard to the medical malpractice claim that forms a part of Count III, without staying the entire action. Should any of the parties wish me to revisit the issue of a stay in the event, for example, that the panel has not concluded its work while this case approaches the time for dispositive motions, those parties are invited to file the appropriate motion.

## CONCLUSION

Alternative Correctional Healthcare's Motion to Dismiss (ECF No. 12) is DENIED. Latoya Earles' Motion to Stay (ECF No. 20) is GRANTED IN PART and DENIED IN PART. The proceedings are stayed as to the malpractice component of the wrongful death claim stated in Count III.

SO ORDERED.

Dated this 16th day of January, 2025

/s/ Lance E. Walker
Chief U.S. District Judge

---

[3] Courts typically consider "three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and[ ] (3) judicial economy." *Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009).